UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES, et al., | No. C09-1544 BZ |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | |
| LADY LUCK GOURMET LLC, a Limited Liability Co., dba GO BISTRO, | |
| Defendant(s). | |

Before me is plaintiffs' Motion for Default Judgment ("Motion") against defendant Lady Luck Gourmet ("defendant"). Defendant has never appeared in this action and did not respond to plaintiffs' motion. As defendant has not consented to my jurisdiction, the following is a report and recommendation for entry of default judgment.

On April 16, 2009, plaintiffs filed an amended complaint under Section 301(c)(1) of the National Labor Relations Act of 1947 ("NLRA"), 29 U.S.C. § 185(a), and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

1

U.S.C. § 1132, alleging that defendant violated a collective
bargaining agreement and certain Trust Agreements that
required defendant to make regular contributions to the San
Mateo Hotel and Restaurant Employees Welfare and Pension Funds
("Trust Funds"), of which plaintiffs are trustees.  First
Amended Compl. ¶¶ 2, 5.  According to the complaint, these
agreements obligate defendant to make regular contributions
for all hours worked by its employees who are covered by the
Trust Funds.  Compl. ¶¶ 5, 6.  The complaint seeks damages for
unpaid contributions, liquidated damages, interest, attorneys'
fees, costs, and injunctive relief.  Compl. Prayer ¶¶ 1, 2.

    Plaintiffs effected service on April 29, 2009.  Doc. No.
27-1 at 1.  Defendant failed to answer the complaint or
otherwise defend the action.  On September 1, 2009, upon
plaintiffs' request, the Clerk of this court entered
defendant's default under Rule 55(a).  Doc. No. 17.  By its
default, defendant is deemed to have admitted the well-pleaded
arguments of the complaint except those as to the amount of
damages.  See Fed. R. Civ. P. 8(d).

    A court may not enter default judgment against an
unrepresented minor, an incompetent person, or a person in
military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.
U.S.C. § 521.  As a limited liability company (LLC), this
requirement does not apply to Lady Luck Gourmet.  Compl. ¶ 3.

    Pursuant to Rule 55(b)(2), the court may enter a default
judgment against a party against whom default has been
entered.  The decision to grant or deny a default judgment
under Rule 55(b) is within the discretion of the Court.  Eitel

1   <u>v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal

2   hearing is not required for a court to render a default

3   judgment.  <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

4        Section 1132(g) of ERISA provides that in an action to

5   enforce payment of delinquent contributions:

6        the court shall award the plan –
             (A) the unpaid contributions,
7            (B) interest on the unpaid contributions,
             (C) an amount equal to the greater of –
8                (i) interest on the unpaid contributions, or
                 (ii) liquidated damages provided for under the
9            plan in an amount not in excess of 20 percent
             . . . of the amount determined by the court
10           under subparagraph (A),
             (D) reasonable attorney's fees and costs

11  29 U.S.C. § 1132(g)(2).  A plaintiff is entitled to a

12  mandatory award under 1132(g)(2) if the following requirements

13  are satisfied: (1) the employer is delinquent at the time the

14  action is filed; (2) the district court enters a judgment

15  against the employer; and (3) the plan provides for such an

16  award.  <u>Plumbers & Pipefitters Nat'l Pension Fund v. Eldridge</u>,

17  232 Fed. Appx. 680, 683 (9th Cir. 2007).  Plaintiffs have

18  shown that defendant was delinquent at the time the action was

19  filed.  I recommend that judgment be entered in favor of the

20  plaintiffs.  Further, the San Mateo Hotel Employees and

21  Restaurant Employees Welfare and Pension Funds Declaration of

22  Trust ("Trust Agreement") provides for such an award.

23  Accordingly, plaintiffs are entitled to an award under section

24  1132(g).  <u>See Iron Workers Dist. Council of Western NY and</u>

25  <u>Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators</u>

26  <u>& Erectors, Inc.</u>, 68 F.3d 1502, 1507 (2d Cir. 1995).

27       Plaintiffs have the burden of proving damages and have

28

3

1  submitted a declaration from Pam Barrett, Administrator of the

2  Trust Funds.  <u>See</u> Declaration of Pam Barrett in Support of

3  plaintiffs' Motion for Default Judgment ("Barrett Decl.") ¶ 1.

4  Plaintiffs seek delinquent contributions totaling $94,784.29.

5  Barrett Decl. ¶ 9.  Plaintiffs have established that defendant

6  failed to make timely contributions for the months of

7  February, October, November, and December, 2009, and submitted

8  time logs in support of their claim.[1]  Barrett Decl. ¶ 7, Ex.

9  4 and 5.  Defendant has not challenged the proof of

10  delinquency.

11      This motion seeks damages that differ from those in the

12  prayer of the First Amended Complaint, which demanded

13  contributions from December 2008 and January 2009, plus a past

14  due "rate increase" in the amount of $14,268.60.  First

15  Amended Compl. ¶ 8.  Plaintiffs have abandoned those demands

16  and now seek damages for contributions owed for February,

17  October, November, and December 2009.  Barrett Decl. Ex. 4.

18  Even though plaintiffs' focus has shifted away from the

19  original request to these four specific months, they can still

20  recover these contributions.  Other courts have considered

21  whether damages accrued after filing the complaint can be

22  awarded without running afoul of Rule 54(c), and have held

23  that they can.[2]  <u>See, e.g.</u> <u>Bd. of Trustees of the Sheet Metal</u>

24  ───────────────

25      [1]   The amounts in the logs total approximately $20.00
   more than plaintiffs are claiming, but this appears to be error
26  on the part of defendant's employee.

27      [2]   F.R. Civ. P. 54(c) states that "[a] default judgment
   must not differ in kind from, or exceed in amount, what is
28  demanded in the pleadings."

1   <u>Workers Local 104 Health Care Plan v. Total Air Balance Co.</u>,

2   2009 WL 1704677 (N.D. Cal. June 17, 2009), at *3 (granting

3   default judgment and awarding liquidated damages that

4   "accumulated after the First Amended Complaint was filed" and

5   were "only prospectively described" in that Complaint).

6   Plaintiffs' complaint did assert that "additional amounts may

7   become due during the course of this litigation and in the

8   interest of judicial economy, recovery of said sums will be

9   sought."  First Amended Compl. ¶ 8.  Defendant has been served

10  and is therefore "fully apprised of the scope of liability

11  sought," including the future amounts referred to in the First

12  Amended Complaint.  <u>Board of Trustees of the Sheet Metal</u>

13  <u>Workers Local 104</u>, 2009 WL 1704677 at * 5.  I therefore

14  recommend that $94,784.29 in delinquent contributions be

15  awarded to plaintiffs.

16      Plaintiffs seek interest of four percent on the

17  delinquent contributions.  Under ERISA, plaintiffs may recover

18  interest based on the rate set by the Trust Agreement.  <u>See</u> 29

19  U.S.C. § 1132(g)(2).  The Trust Agreement states on page eight

20  that the employer "shall be liable to the trustees for . . .

21  contributions remaining unpaid together with interest thereon

22  until full payment is made."  Doc. No. 26, Ex. 2.  There is

23  not an interest rate dictated in the agreement, so plaintiffs

24  base the four percent figure on 29 U.S.C. 1132(g) and the

25  current IRS rate.  Barrett Decl. ¶ 9.

26      The hearing in this case was held on March 17, 2010.

27  Interest on the contribution amounts owed are as follows:

28      1. $18,862.20 was due on March 15, 2009; 367 days at the

5

1   rate of 4% equals $759.69.

2   2. $25,239.86 was due on November 15, 2009; 122 days at

3   the rate of 4% equals $337.94.

4   3. $24,005.48 was due on December 15, 2009; 92 days at

5   the rate of 4% equals $241.96.

6   4. $26,676.75 was due on January 15, 2010; 61 days at the

7   rate of 4% equals $178.12.

8   I therefore recommend that plaintiffs recover $1,517.71 in

9   interest for the unpaid contributions.

10   Plaintiffs also seek $9,478.44 in liquidated damages, or

11   ten percent of the delinquent contributions.  Barrett Decl.

12   Ex. 4.  Liquidated damages are recoverable under ERISA, as

13   provided in the plan, in an amount not to exceed twenty

14   percent.  See 29 U.S.C. § 1132(g)(2).  Amendment 3 of the

15   Welfare Fund Trust Agreement provides for liquidated damages

16   equaling the greater of either ten percent of the amount owed

17   or twenty dollars per delinquency.  Barrett Decl. Ex. 2.  The

18   pension fund agreement contains similar language.  Barrett

19   Decl. Ex. 3.  I therefore recommend that plaintiffs recover

20   $9,478.44 in liquidated damages.

21   Plaintiffs also seek $1,110 in attorneys' fees and $740

22   in costs.  Michael J. Carroll, plaintiffs' counsel, in his

23   Declaration in Support of Motion for Default Judgment,

24   calculates that he spent in excess of six hours prosecuting

25   this action at a rate of $185.00 per hour.  See Carroll Decl.

26   ¶ 5.  Mr. Carroll spent this time preparing the Complaint,

27   Motion for Entry of Default with Supporting Declaration, three

28   Subpoenas in a Civil Case and Notices of Taking Deposition of

1    a Party Including Notice to Produce Documents, an Exparte

2    Application to Continue the Case Management Conference with

3    Supporting Declaration and Proposed Order, a Motion to Compel

4    Compliance with Subpoena with Supporting Declaration and

5    Proposed Order, and this motion.  <u>Id.</u>  This time was

6    reasonable and necessary to obtain a default judgment in his

7    client's favor, and is therefore recoverable.  <u>See</u> <u>id.</u>  The

8    rate charged is also reasonable in relation to work performed.

9    <u>See</u> <u>id.</u>  Plaintiffs also incurred $740 in costs consisting of

10   filing fees and costs associated with service of process.

11   Carroll Decl. ¶ 2.  Based on the declaration submitted in

12   support of plaintiffs' application, I find that these amounts

13   are reasonable and recommend that plaintiffs recover $1110 in

14   attorneys' fees and $740 in costs.

15       Finally, plaintiffs request that the Court enter a

16   limited judgment reserving their rights to audit defendant for

17   the periods prior to judgment and to collect by subsequent

18   legal action any sum found to be due after an audit.  First

19   Amended Compl. Prayer ¶ 3.  For the reasons cited in this

20   Court's Report and Recommendation dated June 16, 2005, in

21   <u>Board of Trustees of the Bay Area Roofers Health and Welfare</u>

22   <u>Trust Fund v. Ace Roofing Company</u>, No. C04-3098 MJJ, I

23   recommend that plaintiffs' request for entry of such a

24   judgment be denied.

25       For the foregoing reasons, I recommend that Judgment be

26   entered in plaintiffs' favor against Lady Luck Gourmet for

27   $107,630.44.  This amount includes the unpaid contribution

28   amount of $94,784.29, as well as $9,478.44 in liquidated

1   damages, $1,517.71 in interest on delinquent contributions,

2   $1,110 in attorneys' fees and $740 in costs.

3   Dated:  March 17, 2010

4   _____

                    Bernard Zimmerman
5                United States Magistrate Judge

6

7   G:\BZALL\-BZCASES\BD. OF TRUSTEES V. LADY LUCK GOURMET\REPORT AND RECOMMENDATION ON
    PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28